ROBERTS *v.* STATE,

Opinion delivered December 9, 1907.

PUBLIC ROAD—OBSTRUCTION.—An indictment for obstructing a public road is not sustained by proof that defendant obstructed the mouth of a slough which would stop the flow of water through the slough when a certain creek situated alongside the road was up, and would thus force more water into the creek, and thereby tend to wash away the banks of the creek and cut into the road.

Appeal from Carroll Circuit Court; *J. S. Maples,* Judge; reversed.

*Troy Pace,* for appellant.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* for appellee.

The verdict is not supported by the evidence. It is not sufficient to prove that something was done alongside the road

which might obstruct the road or probably would cause an obstruction.

The court erred in refusing to instruct the jury that before they could convict they must find, etc., that the defendant *had,* etc., obstructed the road by the means alleged in the information.

HILL, C. J. Roberts was indicted for obstructing a public road which ran along Keel's Creek, in Winona township, Carroll County, and was convicted, and has appealed.

The State's evidence tended to prove that he obstructed the mouth of a slough which would stop the flow through the slough when the creek is up, and thus force more water into the main channel, tending to wash away the banks of the creek and cut into the road when it rains and the creek rises.

The strength of the State's case is presented in the testimony of Mr. Clark, one of the witnesses for the State, as follows: "'I have seen the obstruction in the mouth of the slough placed there by the defendant. It will keep the water from going around through the slough if the creek gets up high, and in my opinion will cause more water to run through the main channel of the creek, and will some day wash away the road. I know it will wash away the road, for it has done it before. The last time was about a year ago. It has not washed the road away since the obstruction was put in the slough, but it will take less rainfall now to make it do so."

Concede that the obstruction to the highway caused by this obstruction to the flow of the slough would be an obstruction within the statute, yet this evidence is insufficient to sustain a conviction. The obstruction to the highway has not occurred; and whether it will occur from the act in question depends on the concurrence of several natural causes, such as the amount of rainfall, the unchanged drainage outlets, the extent of this obstruction, the resisting power of the intervening soil, and other natural forces. A material diminution of the rainfall alone would upset the entire prophetic obstruction of this road. This evidence leaves the obstruction of the highway to be problematic, uncertain and conjectural. It may, and very likely will, occur. But that is insufficient to sustain a conviction.

Reversed and remanded.